UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER STEPHENS,<br><br>                Plaintiff,<br><br>   vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>                Defendant. | CASE NO. CV 05-06462 (RZ)<br><br>MEMORANDUM OPINION AND ORDER |

        Plaintiff climbed to the top of a ladder, fell off, and fractured his wrists and otherwise injured himself.  He asserts that he cannot work any longer, but the Administrative Law Judge concluded that he could perform at least two categories of jobs which were plentiful in the economy, and so he was not disabled.  Plaintiff now asserts three errors in that decision.  The Court need not consider whether the Administrative Law Judge should have evaluated Plaintiff's obesity, because the Court concludes that other errors are dispositive.

        The residual functional capacity which the Administrative Law Judge determined is internally inconsistent.  Thus, the Administrative Law Judge found that, despite his injury, Plaintiff retained the capacity to:

>. . . lift and/or carry 25 pounds frequently and 50 pounds occasionally, limited to occasional pushing or pulling with the upper extremities; occasional handling, fingering, or feeling with the upper extremities; no forceful or repetitive gripping, squeezing, pinching, twisting, or torquing; no prolonged carrying; and no repetitive or prolonged manual dexterity of the fingers or hands.

[AR 17, Finding No. 5.] A person who is limited to no prolonged carrying could not be carrying 25 pounds frequently. A person who is limited to no forceful gripping or squeezing may not be able to carry 25 pounds at all; it appears to be necessary to grip or squeeze a 25 pound item forcefully in order to carry it. The residual functional capacity is sufficiently at issue through Plaintiff's challenge to the hypothetical question presented to the vocational expert, as well as the claimed deviation from the requirements of the Dictionary of Occupational Titles, that this problem alone warrants a remand.

Beyond that, however, the Court finds that substantial evidence does not support the Administrative Law Judge's reasons for discrediting Plaintiff's testimony about his limitations. The Administrative Law Judge listed ten reasons, some of which have no potential relevance whatsoever. For example, the Administrative Law Judge listed, as one of his reasons for disbelieving Plaintiff, that one doctor imposed no visual limitations, and as another reason that there was no evidence of systemic illness or rheumatoid arthritis [AR 16]; yet the Administrative Law Judge defined Plaintiff's claim as one "alleg[ing] disability since August 18, 1999, due to bilateral hand and arm pain status post wrist fractures, bilateral foot pain, and bilateral leg pain." [AR 13] Vision, systemic illnesses and rheumatoid arthritis are not involved, and the absence of problems in these areas does not impeach Plaintiff's testimony as to his pain.

The Administrative Law Judge also discredited Plaintiff based on certain medical opinions. Inconsistency with medical evidence can be considered as a basis for

judging credibility, but it cannot be the sole factor on which an Administrative Law Judge relies. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). There seems little real inconsistency, however. The doctors opined that Plaintiff had certain limitations, and those made their way into the Administrative Law Judge's residual functional capacity [*compare* AR 154, 217 with AR 17, Finding No. 5] In some cases, the doctors used Workers' Compensation terms which do not translate seamlessly into Social Security applications. [AR 154; *see Desrossiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)] Those limitations, however, were not inconsistent with Plaintiff's testimony that his pain prevented him from performing a full-time job.

      The Administrative Law Judge did also note that "the claimant testified that his activities of daily living include cooking, gardening, watching television, reading, driving, and accompanying his wife to the grocery store." [AR 15] In this Court, the Commissioner argues that the Administrative Law Judge found that these activities were inconsistent with the level of pain to which Plaintiff testified. (Defendant's memorandum at 9:20-25.) Even if the Administrative Law Judge had specified such testimony, the activities do not impeach it. Certainly such activities as reading and watching television are not "active" in a way that implicates hand or leg pain. Theoretically, cooking, gardening, driving and going to the store could be inconsistent with such pain, but the record does not support that conclusion here. The testimony was that Plaintiff does make his food; that his wife does the grocery shopping, although he accompanies her; that he gardens, but just a little; and that he drives about three times a week. [AR 286-87, 289] These are not the sort of extensive activities which legitimately cast doubt upon the testimony. Accordingly, the testimony of the Plaintiff should be accepted. *Stewart v. Sullivan*, 881 F.2d 740, 744 (9th Cir. 1989). Accepting that testimony, the record demonstrates that Plaintiff is disabled. [AR 300]

///

///

///

1  The record has been fully developed, and a remand for further development
2 would serve no further purpose.  Accordingly, the Court concludes that the matter should
3 be remanded, but for an award of benefits.
4  IT IS SO ORDERED.

6  DATED:   February 2, 2007

  _____
  RALPH ZAREFSKY
  UNITED STATES MAGISTRATE JUDGE